IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

IBE LYLES,                              )
                                        )
            Plaintiff,                  )
                                        )
    v.                                  )   C.A. No. 18-173 (MN)
                                        )
THE STATE OF DELAWARE, et al.,          )
                                        )
            Defendants.                 )

## MEMORANDUM OPINION

Ibe Lyles, Elkton, Maryland, Pro Se Plaintiff.

December 14, 2018
Wilmington, Delaware

_(signature)_
**NOREIKA, U.S. District Judge:**

## I. INTRODUCTION

Plaintiff Ibe Lyles ("Plaintiff"), a former inmate at the Howard R. Young Correctional Institution ("HRYCI") in Wilmington, Delaware, filed this action pursuant to 42 U.S.C. § 1983.[1] (D.I. 3). He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5). The Court proceeds to review and screen the matter pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a).

## II. BACKGROUND

Plaintiff alleges malicious prosecution in violation of his constitutional rights. He alleges that, although Defendants were presented with "gross evidence in support of his innocence," they have acted maliciously outside the scope of the law and pursued prosecution against him. He alleges that state agents went "above and beyond" to keep him incarcerated by filing legal pleadings and motions and then pulling the docket to prevent judicial intervention.

Named Defendants are the State of Delaware ("the State"), its Department of Justice ("DOJ"), Delaware Assistant Public Defender Ross Flockerzie ("Flockerzie"), Delaware Deputy Attorney General Allison Abessinio ("Abessinio"), and the Wilmington Police Department ("WPD"). Defendants are sued in their personal and official capacities. There is no prayer for relief.

## III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

1

a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court

must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *See Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a

3

claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

IV. **DISCUSSION**

Plaintiff alleges malicious prosecution. "To prevail on a Fourth Amendment malicious prosecution claim under Section 1983, a plaintiff must establish that: (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in [the plaintiff's] favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *Halsey v. Pfeiffer*, 750 F.3d 273, 296–97 (3d Cir. 2014).

Even with a liberal construction, the conclusory allegations do not set forth violations of Plaintiff's constitutional rights. The Complaint does not indicate if criminal charges are pending or whether the criminal proceeding ended in his favor. There are no allegations directed toward a particular defendant.

Also, the Complaint is deficient given that it does not indicate the relief sought. Federal Rule of Civil Procedure 8(a)(2) and (3) require that a Complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and "a demand for the relief," Fed. R. Civ. P. 8(a)(3). *See e.g.*, *Scibelli v. Lebanon Cty.*, 219 F. App'x 221, 222 (3d Cir. 2007*); see also, Klein v. Pike Cty. Comm'rs*, 2011 WL 6097734 (M.D. Pa. Dec. 6, 2011) (failure to articulate a prayer for relief compels dismissal). Plaintiff's failure to specify relief of any sort of relief weighs in favor of dismissal for noncompliance with Rule 8. *See Liggon-Redding v. Souser*, 352 F. App'x 618, 619 (3d Cir. 2009) (affirming dismissal without prejudice where complaint failed to identify relief sought).

4

In addition, the State, the DOJ, and Abessinio, in her official capacity, are immune from suit. The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974). Hence, as an agency of the State of Delaware, the DOJ is entitled to immunity under the Eleventh Amendment. Also, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (internal citations omitted); *Ali v Howard*, 353 F. App'x 667, 672 (3d Cir. 2009). Accordingly, § 1983 claims for monetary damages against a state, state agency, or a state official in his official capacity are barred by the Eleventh Amendment. *See id.*

Further, from the scant allegations it appears that Abessinio has prosecutorial immunity as the acts complained of occurred, or are occurring, during the prosecution of Plaintiff's criminal case. Prosecutors should not be encumbered by the threat of civil liability while performing judicial or quasi-judicial functions. *See Odd v. Malone*, 538 F.3d 202, 208 (3d Cir. 2008). Prosecutors acting within the scope of their duties in initiating and pursuing a criminal prosecution are immune to suit under § 1983. *See Imbler v. Pachtman*, 424 U.S. 409, 410 (1976). Many of the acts of which Plaintiff complains (*e.g.*, court filings) fit squarely within the realm of official prosecutorial duties. *See id.* at 430 (activities intimately associated with the judicial phase of the criminal process, casting the prosecutor as an advocate rather than an administrative or investigative officer, trigger absolute immunity). Abessinio, therefore, enjoys immunity from § 1983 liability for those acts.

5

Flockerzie, an assistant public defendant, has no liability under § 1983. Public defenders do not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings. *See Polk Cty. v. Dodson*, 454 U.S. 312 (1981). The claims against Flockerzie fail as a matter of law.

Finally, the claim against WPD fails for two reasons. First, the WPD is not a proper party, as a suit against a municipal agency should name the municipality itself. *See Sorrells v. Philadelphia Police Dep't*, 652 F. App'x 81, 83 (3d Cir. 2016) (citing *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 n.4 (3d Cir. 1997) ("[W]e treat the municipality and its police department as a single entity for purposes of section 1983 liability.")). And second, § 1983 requires a plaintiff to allege the existence of a policy or custom that resulted in a constitutional violation, yet the Complaint contains no such allegations. *See Monell v. Department of Social Services*, 436 U.S. 658, 694-95 (1978).

As discussed, Plaintiff's claims are frivolous, fail to state claims upon which relief may be granted, and are raised against parties who are immune from suit. Therefore, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii), and (iii) and § 1915A(b)(1) and (2). However, since it appears plausible that Plaintiff may be able to articulate a claim against Abessinio or name alternative defendants, he will be given an opportunity to amend his pleading. Should Plaintiff choose to amend, he may not reinstate the State, the DOJ, Flockerzie, and the WPD as defendants. In addition, he shall advise the Court of the status and/or outcome of the criminal case.

## V. **RELEASE FROM PRISON**

On December 10, 2018, the Court was advised that Plaintiff has been released from prison. (D.I. 8). Plaintiff was incarcerated at the HRYCI when he commenced this action and at the same

6

time filed with an application to *proceed in forma pauperis* pursuant to 28 U.S.C. § 1915. On February 9, 2018, the Court entered an order, granted Plaintiff leave to proceed *in forma pauperis*, and assessed a filing fee of $350.00 and an initial partial filing fee of $33.67. (D.I. 5).

Plaintiff did not make any payments towards the filing fee owed prior to his release. Under the Prison Litigation Reform Act, release does not eliminate the obligation of payment of a filing fee that could and should have been met from the trust account while imprisonment continued. *Robbins v. Switzer,* 104 F.3d 895, 899 (7th Cir. 1997); *see also Drayer v. Attorney General*, 81 F. App'x 429 (3d Cir. 2003). Accordingly, Plaintiff will be ordered to pay the $33.67 initial partial filing fee and (1) either file a standard form application to proceed without prepayment of fees and affidavit so that the Court may determine whether he is still eligible to proceed without prepayment of the balance of the $350.00 filing fee or pay the balance of the filing fee owed after payment of the initial partial filing fee (*i.e.*, $316.33).

## VI. **CONCLUSION**

For the above reasons, the Court will dismiss the Complaint as frivolous, for failure to state claims upon which relief may be granted, and as raised against parties who are immune from suit pursuant 28 U.S.C. § 1915(e)(2)(B)(i), (ii), and (iii) and § 1915A(b)(1) and (2). Plaintiff will be given leave to amend as set forth in this Memorandum Opinion. In addition, Plaintiff will be ordered to pay the $33.67 initial partial filing fee and (1) either file a standard form application to proceed without prepayment of fees and affidavit or (2) pay the balance of the filing fee owed after payment of the initial partial filing fee.

An appropriate Order will be entered.

7